## BARRETT v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.    November 22, 1899.)

1. CARRIERS — ACTION FOR PERSONAL INJURIES — TRESPASSER ON TRAIN — IN-
STRUCTIONS.

In an action against a railroad company for injuries alleged to have
been caused by defendant's conductor in removing plaintiff from a moving
freight train on which he was trespassing, an instruction that if, when
plaintiff was about to alight therefrom, the conductor pushed him, so that
he was thrown to the ground and injured, he could recover, was proper,
when based on the version of the transaction as shown by plaintiff's tes-
timony.

2. REVIEW—FINDING OF FACT—CONFLICTING TESTIMONY.

Where a cardinal question of fact, on which the evidence directly con-
flicted, was squarely submitted to the jury under proper instructions, their
finding will not be disturbed where it does not appear that the testimony
in favor of the defeated party was entitled to any greater credit than that
for his opponent.

3. PERSONAL INJURIES—DAMAGES—EXCESSIVE VERDICT.

Plaintiff lost his right arm, and his leg was more or less injured, and
there was evidence from which it might have been found that the injury
to the latter would be permanent.    Held, that a verdict for $8,537 was not
excessive.

4. CROSS-EXAMINATION OF WITNESSES.

A witness for defendant denied on cross-examination that he had stated
certain facts to a reporter of a newspaper, contained in a purported ab-
stract of the paper's account of an accident which was read to him, and
he was then asked if the plaintiff ever told him the facts stated, embraced
in the newspaper article, and he answered, "Why, he told me part of it."
Held, that there was no error in allowing the form of the question, nor in
refusing to strike it out, or the evidence taken in respect thereto.

Appeal from trial term, Oneida county.

Action by John Darwin Barrett against the New York Central &
Hudson River Railroad Company.    From a judgment entered on a
verdict in favor of plaintiff for $8,537, and from an order denying
a new trial, defendant appeals.    Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN,
SPRING, and SMITH, JJ.

C. D. Prescott, for appellant.
I. J. Evans and A. D. Kneeland, for respondent.

HARDIN, J.    Plaintiff, in his complaint, alleges that on the 3d
day of June, 1893, he was on board one of the freight trains of the
defendant, seeking to make a passage from the city of Rome to the
city of Utica, and that, while near the locomotive works, in the
easterly portion of the city of Rome, "this defendant, by its agents
and servants on said train, negligently, unlawfully, carelessly, and
without due or reasonable care, and imprudently and unnecessarily,
against plaintiff's objection, forced, pushed, and threw plaintiff from
said car and train, and upon said loose rails, and upon said nearest
parallel tracks, and beneath the moving train thereon, and thereby
so negligently and carelessly behaved and conducted itself that it
caused this plaintiff to be severely and permanently injured thereby,
and his right arm was fractured and broken, and so badly injured
that it was necessary to be amputated, and it was afterwards ampu-

tated, and his legs and body were otherwise severely injured." The answer of the defendant admits its incorporation, and that it was operating a railroad, as alleged in the complaint, and avers by way of a defense that the injury, in the complaint set out, to the plaintiff, "was not caused by or in consequence of the or any negligence of the defendant, or its agents or servants, but was caused by the negligence of the plaintiff in whole or in part, and not otherwise." The issues were brought to trial in October, 1894, and a verdict was rendered for the plaintiff of $7,500. From the judgment entered upon that verdict an appeal was taken to the late general term of the Fourth department, and the judgment was affirmed, an opinion being prepared, which is found reported in 92 Hun, 606, 36 N. Y. Supp. 1121. In that opinion it was said:

"A careful examination of the evidence contained in the appeal book has led us to the conclusion that the question whether the defendant was liable in this action, under the doctrine of Rounds v. Railroad Co., 64 N. Y. 129; Cohen v. Railroad Co., 69 N. Y. 170; Hoffman v. Railroad Co., 87 N. Y. 25; McCann v. Railroad Co., 117 N. Y. 505, 23 N. E. 164; Hogan v. Railroad Co., 124 N. Y. 647, 26 N. E. 950; Ansteth v. Railway Co., 145 N. Y. 210, 39 N. E. 708; and other kindred cases,—was a question of fact, was properly submitted to the jury, and that its verdict should be upheld. Nor do we think that the judgment should be disturbed upon the ground that the plaintiff's recovery was excessive."

An appeal was taken from such judgment of affirmance to the court of appeals, and the opinion delivered in that court appears in 157 N. Y. 663 et seq., 52 N. E. 659 et seq. In the course of the opinion it is said:

"We will assume that his evidence was sufficient to carry the case to the jury, and we will assume that the charge of the learned trial judge to the effect that, while the defendant's servant had a right to remove the plaintiff from the train, yet he had no right to use unnecessary violence, or to expose him to any unnecessary danger, was correct. * * * In this case, since we have assumed that the plaintiff's testimony could not be ignored by the court, there were three questions of fact before the jury. These were the negligence of the defendant, depending only upon the proof with respect to the unlawful or improper act of the conductor, the contributory negligence of the plaintiff, and the damages which he was entitled to recover."

Subsequent to the expressions which we have quoted, the opinion proceeded to consider a ruling made upon the trial, which was pronounced to be erroneous, and the reversal of the judgment was directed by a divided court.

Upon the trial now brought in review, evidence was given tending to show that, as the plaintiff was about to alight from the train, the conductor placed his hand upon the shoulder of the plaintiff, and pushed him, so that he was precipitated to the ground, and struck a pile of rails, and received the injuries which are complained of. The plaintiff's testimony is controverted by the testimony of Quigley, the conductor in charge of the train, and there is a sharp and steady conflict in the testimony given by the plaintiff and by Quigley as to the circumstances attending the transaction. Assuming that the testimony of the plaintiff is accepted as a correct version of the transaction, the rules of law were properly applied to the case upon the trial, where it was held that, if the defendant's conductor perpetrated the wrongs enumerated, the jury

would be warranted in finding a verdict for the plaintiff. With the rule of law laid down by the court in respect to the right of recovery, we see no occasion to interfere. Sanford v. Railroad Co., 23 N. Y. 343; Rounds v. Railroad Co., 64 N. Y. 129; Higgins v. Railroad Co., 46 N. Y. 23; Cohen v. Railroad Co., 69 N. Y. 170; Hoffman v. Railroad Co., 87 N. Y. 25; McCann v. Railroad Co., 117 N. Y. 505, 23 N. E. 164; Clark v. Railroad Co., 40 Hun, 605, affirmed in 113 N. Y. 670, 21 N. E. 1116. In the case last cited it was held that the questions of negligence and contributory negligence were for the jury; "that plaintiff was committing a misdemeanor was no defense; that, if the act of plaintiff in getting from the car was involuntary, and caused by the assault, contributory negligence could not be claimed from his fall." In the course of the opinion delivered by Bradley, J., in Clark v. Railroad Co., 40 Hun, 607, he asserts that the defendant had the right to remove a person who was a trespasser upon the train, and adds: "But in so doing it was not justified in subjecting him to any unnecessary hazard." That case is an authority for saying that it was a question for the jury to say whether the alleged wrongful act of the defendant was the proximate cause of the injuries which were received.

In the argument of the learned counsel submitted to us great stress is laid upon the contradictions of the plaintiff as a witness, and upon the alleged misstatements of certain facts in respect to the details of the transaction lying at the foundation of the right to recover, and we are asked to credit the testimony of Quigley, the conductor, who flatly denies the testimony of the plaintiff, and who asserts that he did not push or touch the plaintiff at the time he left the train. On behalf of the respondent much criticism is made of the testimony of Quigley,—of the apparent contradictions in his testimony found upon an examination of his evidence in chief and his testimony given in the course of a protracted cross-examination; and we are asked to remember that juries are not infallible, and to disregard the verdict of the jury, or to interfere with it by holding that it is contrary to the weight of evidence. We are not unmindful that juries often go wrong upon conflicting evidence, and that sometimes it seems difficult to reconcile their verdict with the testimony found when reviewing a trial; and, while the verdict in this case is distasteful if we look at the testimony of the plaintiff alone, with the contradictions and discredit thrown upon it, to some extent, by the contradictions made by him at different times, we find, upon looking into the testimony of Quigley on the main question, that he has varied his testimony and made contradictory statements to quite as great an extent as those found in the testimony of the plaintiff. Two juries have credited the version given by the plaintiff, and it is not at all improbable that, if this court should interfere with the verdict of the jury upon the ground that it was disinclined to credit the testimony of the plaintiff, and was inclined to credit the testimony of the witness Quigley, and order a new trial, a third jury might, under the rule of law which must be given to it, judge of the facts, and in so judging find a verdict in favor of the plaintiff. In Dorwin v. Westbrook, 11 App. Div. 395, 42 N. Y. Supp.

1123, a case was under consideration which had been tried three times, and resulted in a verdict for the plaintiff. Upon considering the case after the third trial, Landon, J., said:

"As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the facts with those held by the appellate court, finally accept the judgment of the jury."

That case was affirmed in 158 N. Y. 742, 53 N. E. 1124. The same case was referred to with approbation in Nutting v. Railroad Co., 21 App. Div. 75, 47 N. Y. Supp. 327.

The cardinal question of fact was squarely submitted by the learned trial judge to the jury. In the course of his instruction to the jury he said: "If they find that the conductor did not use any violence towards the plaintiff, that the plaintiff cannot recover." And again he said: "The real question in the case is, did the conductor force the plaintiff off of the train? If he did, then the defendant is liable; if he did not, the defendant is not liable." And at the request of the learned counsel for the defendant he instructed the jury that "they must find that the proximate cause of the injury was the act of the conductor alone." And he added: "If you find that that was not the proximate cause, you will find for the defendant." He then added that: "Upon the plaintiff is the burden of proving his case, and he must do it by a preponderance of evidence." He followed that instruction by the further one, to wit, that if the jury "find that the case is evenly balanced, that then their verdict should be for the defendant."

2. When the case was in the general term it was held that the damages were not excessive, and in this case it appears that the plaintiff lost his right arm, and that his leg was more or less injured, and there was some evidence before the jury from which it might have been found that the injury to his leg would be permanent. Under all the circumstances disclosed in the evidence, we are inclined to think that it cannot be said that the verdict is excessive.

3. When the witness Dalton, who was called by the defendant, was upon the stand, in the course of his cross-examination he was asked whether he stated to Ross, a reporter of the Sentinel, certain facts, and in calling the witness' attention to those facts apparently an abstract from the Sentinel's account of the accident was read to the witness, and he was then asked if he stated the facts contained in the article to any newspaper reporter, and he answered he did not. He was then asked if Barrett ever told him the facts stated in the question embracing the article from the Sentinel, and his answer was, "Why, he told me part of it." We see no error in allowing the form of the question that was propounded to the witness. Nor do we think it was error to refuse to strike out the question, or the evidence taken in respect thereto. The trial judge seems to have allowed great latitude in the examination and cross-examination of the witnesses, and we have not discovered that his discretion was improperly exercised in respect to the giving of the testimony or the examination or cross-examination of the witnesses.

There are some other exceptions to which our attention has been

invited, which we find do not present prejudicial error. The fore-
going views lead to the conclusion that the verdict of the jury must
be allowed to remain.

Judgment and order affirmed, with costs.   All concur.