appoint, and in default thereof to his next of kin. Held to have been a mere naked trust, in which no third party had an interest, and that the testator could at any time have revoked the trust if he had desired to do so.

The executor, as such, is entitled to appeal from an order and decree fixing a transfer tax. He is made personally liable for the tax (Tax Law; chapter 908, Laws 1896, § 222), and is a party aggrieved, within the meaning of the provisions of the Code of Civil Procedure relating to appeals.

The order modifying the rate of interest to be paid on the tax should not be disturbed. Order and decree of the surrogate modified by reducing the tax to $590.86, and as so modified affirmed, with costs to the executor. All concur.

---

(66 App. Div. 336.)

### WILLIAMS v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. EVIDENCE—INSUFFICIENCY TO SUSTAIN VERDICT.

   A party's uncorroborated testimony, contradicted by his own testimony on former trials and by all the facts and circumstances of the case, is insufficient to sustain a verdict in his favor.

2. SAME—APPEAL—THREE JURY TRIALS—REVIEW.

   The rule that, when a plaintiff on two successive trials has secured verdicts which have been set aside for the insufficiency of the evidence, a verdict in his favor on a third trial, which the trial court refused to set aside, will not ordinarily be set aside on that ground on appeal, cannot be invoked in a case where the second and third trials were based upon the record of the first trial, with the addition of plaintiff's own testimony upon the third trial, since in such case the jury and trial judge are in no better position to judge of the credibility of the witnesses than the court of review.

   Spring, J., dissenting.

Appeal from trial term, Oneida county.

Action by Ellis R. Williams against the Delaware, Lackawanna & Western Railroad Company. From a judgment for the plaintiff and from an order denying a new trial, defendant appeals. Reversed.

The following is the opinion of the court below (MERWIN, J.):

"Under the decision of the court of appeals (155 N. Y. 158, 49 N. E. 672) a nonsuit in this case cannot legally be granted. That being so, it necessarily follows that at some time the verdict of a jury must be final, although the trial court may think that the verdict is against the weight of the evidence. Since the decision above referred to, there have been three trials on substantially the same evidence, and each time the verdict has been the same way. I see no good reason for believing that the result will be different if another trial is ordered. The rule used to be that after two trials finality would be recognized. Now three are sometimes required, but I am cited to no case where more than three were deemed to be necessary or proper.

"Motion denied."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

William Kernan, for appellant.
P. C. J. De Angelis, for respondent.

ADAMS, P. J.    This is an action to recover damages for personal injuries, and it is the third time this court has been called upon to review a judgment therein which was favorable to the plaintiff. Upon the first hearing we held, in an opinion which recited the facts of the case at considerable length, that the verdict of the jury upon which the judgment was based was against the preponderance of evidence, and for that reason a new trial was granted.    39 App. Div. 647, 57 N. Y. Supp. 203.    Upon a retrial the evidence of the former trial was read to the jury from the printed record, with the result that the plaintiff again obtained a verdict, which was set aside by this court for the same reason as before.    53 App. Div. 648, 66 N. Y. Supp. 1148.    Upon the last trial recourse was again had to the printed record for all the evidence, save that of the plaintiff himself, who testified orally in his own behalf.    The case was again submitted to the jury, with the same result as upon the former trials; whereupon a motion was made for a new trial before the trial court, which was denied, and from the order denying the same, as well as from the judgment subsequently entered, this appeal is brought.

We seem to have great difficulty in making the views of this court understood concerning this most remarkable case, although we supposed they had been expressed quite emphatically and unequivocally.    Upon one of the many trials had in the action, other than those above referred to (for the case has been six times tried), the plaintiff found it necessary, in order to bring himself within the decision of the court of appeals (116 N. Y. 628, 22 N. E. 1117), to alter his testimony respecting a material and vital point of his case to which he had committed himself upon the preceding trial.    This contradiction of himself could only be explained upon the theory that upon one occasion or the other he had sworn falsely; but, notwithstanding this fact, it was held by the court of appeals upon a second review by that court (155 N. Y. 158, 49 N. E. 672) that it remained for the jury to determine which of these two inconsistent statements they would believe.    Upon each of the three trials which have since taken place the jury have said that they preferred to believe the version of the situation at the time of the accident which the plaintiff adopted after being advised by an adjudication of the court of last resort that such a version was absolutely essential to a recovery; and, did his evidence in this regard possess any considerable probative force, we should feel bound to acquiesce in the finding of the jury, however repugnant it might be to our sense of justice.    But, as a matter of fact, we have said, and again we repeat it, that the plaintiff's testimony is not only uncorroborated, but it is contradicted by his former testimony, and by all the facts and circumstances of the case, as we endeavored to make clear in a former decision of this court.    39 App. Div. 647, 57 N. Y. Supp. 203.    Being thus discredited, his own uncorroborated testimony is insufficient to sustain a verdict in his favor (Fealey v. Bull, 163 N. Y. 397–403, 57 N. E. 631), and for that reason, as this court has already twice declared, it should be set aside.

For the adoption and assertion of this view this court assumes the entire responsibility, realizing, as it does, that its error, if any there

be, can be corrected upon appeal; but, until thus corrected, it insists that its decision should be respected by the trial court. In saying this we are not unmindful that much consideration was given by the learned trial justice before whom the case was last tried to the circumstance that three juries had reached a result favorable to the plaintiff, upon evidence which was virtually the same upon each trial. It was apparently for this reason alone that he denied the defendant's motion, and resort is now had to the rule thus invoked by the trial court as furnishing a sufficient reason why the judgment and order appealed from should be affirmed. Ordinarily, a court of review might feel constrained to acquiesce in the determination of a jury thrice expressed (Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123; Nutting v. Railway Co., 21 App. Div. 225, 47 N. Y. Supp. 327); but there is no rule of which we are aware absolutely requiring such acquiescence. Indeed, the law has clothed appellate tribunals with almost unlimited power of review when satisfied that verdicts of juries are the result of misconception, prejudice, or partiality; and this power is one which should be freely and fearlessly exercised. Nutting v. Railroad Co., 91 Hun, 252, 36 N. Y. Supp. 142. This case, however, is by no means an ordinary one. On the contrary, in many of its features it is most extraordinary; in none more so, perhaps, than in the fact that upon the second trial the evidence, as had already been pointed out, was read entirely from the printed record; while upon the last trial, with the exception of the plaintiff's own testimony, the same course was pursued. In these circumstances it may very properly be asked whether either of these trials amounted to more than a mere matter of form. Certainly, as was clearly pointed out by Laughlin, J., when the case was last before us (53 App. Div. 648, 66 N. Y. Supp. 1148), the usual considerations which lead an appellate court to hesitate before setting aside a verdict as against the weight of evidence are entirely wanting where, by reason of the procedure adopted at the trial, it cannot be said that the jury and trial judge were in any better position than the court of review to judge of the credibility of witnesses by reason of the opportunity which is afforded them to observe their demeanor and appearance while undergoing examination. It is cause for regret that another trial of this case is rendered necessary, but we do not see how it can be avoided without shirking the responsibility which, as we understand it, the law imposes upon this court.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur, except SPRING, J., who dissents on authority of memorandum of MERWIN, J., at trial term.