WILLIAMS v. DELAWARE, LACKAWANNA & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department.    March 10, 1903.)

**1. APPEAL—WEIGHT OF EVIDENCE.**
   A new trial will not be granted on appeal on the ground that the verdict is against the weight of evidence, there being evidence for the jury, and it being practically the same as that on which four juries have given verdicts for plaintiff.

**2. SAME—DIRECTING JUDGMENT.**
   The court cannot, on appeal, reverse the judgment, and direct judgment for the other party, there being evidence for the jury, though the court consider the verdict against the weight of evidence.

Appeal from Trial Term, Oneida county.

Action by Ellis R. Williams against the Delaware, Lackawanna & Western Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

See 57 N. Y. Supp. 203; 66 N. Y. Supp. 1148; 73 N. Y. Supp. 38.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

William Kernan, for appellant.

P. C. J. DeAngelis, for respondent.

SPRING, J.    In June, 1882, the plaintiff was in the employ of the defendant as brakeman, and, while riding on a box car, was hit by a low bridge on the defendant's road at Norwich, in this state, and sustained the injuries for which he is now endeavoring to recover.    The action was commenced in December, 1882, and the judgment in favor of the plaintiff entered upon the second verdict was reversed by the Court of Appeals (116 N. Y. 628, 22 N. E. 1117) on the ground that the existence of the bridge was known to the plaintiff, as he testified he had passed under it often on top of a box car, and, if he had exercised ordinary prudence, the accident would have been averted.    On the new trial he testified that he had never passed under the bridge on top of a box car, and did not know it was a low bridge.    At the close of the evidence the plaintiff was nonsuited, and the judgment entered was affirmed by the General Term.    92 Hun, 219, 36 N. Y. Supp. 274.    That court, as well as the trial judge, was evidently influenced largely in the conclusion reached by the belief that the change in the plaintiff's testimony was designed to meet the obstacle to a recovery which was the keynote of the decision by the Court of Appeals.    On appeal to the Court of Appeals the judgment was reversed (155 N. Y. 158, 49 N. E. 672), the court holding the credibility of the plaintiff was for the jury, not for the court.    There have been since that decision four trials, each resulting in a verdict for the plaintiff for substantially a similar sum, and the learned justices presiding at the trials have uniformly denied a motion for a new trial.    The judgments entered upon the three preceding verdicts have been reversed, and new trials granted by this court.

The action of this court has not been due to any desire to usurp the province of the jury, or to assert its authority against the various

learned justices who have presided at the trials. It has, however, been the conviction of this court, irrespective of changes in its personnel, that in justice the plaintiff ought not to succeed. With that belief well settled, we have found it incumbent to exercise the power vested in the court to grant a new trial (Code Civ. Proc. § 1317; Benedict v. Arnoux, 154 N. Y. 715, 724, 49 N. E. 326) on the ground that the verdict was against the weight of the evidence. Our prerogative in this regard was not infringed upon by the decision of the Court of Appeals, for, while it may be entirely proper to submit the questions of fact to the jury, still the right of the appellate court to review their findings and to direct a new trial if the verdict is contrary to the weight of the evidence remains in its integrity. We apprehend, nevertheless, both in the light of the decision of the Court of Appeals when it last passed upon the case and in the light of the record itself, that the questions of fact must ultimately be determined by the jury as the constitutional tribunal by whom such matters are to be decided.

It has become quite well grounded in our procedure that, when a case involving questions of fact has been fairly passed upon by at least three juries with like result, the court will not again assert its power by setting aside the verdict as contrary to the weight of the evidence, unless there is a reasonable probability of a different outcome. Nutting v. Kings County Elevated R. R. Co., 21 App. Div. 72, 47 N. Y. Supp. 327; Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123, affirmed 158 N. Y. 742, 53 N. E. 1124; Barrett v. N. Y. C. & H. R. R. Co., 45 App. Div. 225, 229, 61 N. Y. Supp. 9; Opinion of Merwin, J., in Williams v. D., L. & W. R. R. Co., 66 App. Div. 340, 73 N. Y. Supp. 38. One reason for this practice is that a new trial based upon this ground is a matter of favor to the defeated party. In a given case an examination of the record may satisfy the court that the weight of the evidence does not correspond with the verdict rendered. Conceding that the case must be submitted to the jury, the court deem it fair and just that the moving party have another opportunity to convince the jury he is in the right. That favor may not be continued ad infinitum, but, if the verdict is unchanged after two or three trials before the tribunal which is the arbiter of the facts, then the trial judge or the appellate court must acquiesce in the determination of the body in whom the final decision is lodged by the fundamental law.

Another reason for the rule of practice adverted to is the one already suggested that the disposition of questions of fact rests with the jury. Appellate courts may disagree with the verdicts, and award new trials; but, if there is sufficient contradiction in the material facts involved to require the submission to the jury, while there may be a remission to that body, and a shifting back again to the appellate court, the latter must in the end stand by the unvarying conclusions of the body charged with the ultimate decision. A reasonable insistence on the part of the appellate court to vindicate what it may deem to be just and right is commendable and wholesome, but a long continuance of the struggle between the two branches of the judicial system is barren of practicable results in the particular case, and may tend to impair faith in both. On one, at least, of the previous ap-

peals (53 App. Div. 648, 66 N. Y. Supp. 1148) this principle might have been upheld by one or more members of the court, except that the testimony upon that trial had been wholly read from the printed record and stenographer's minutes. Neither the jury nor the trial judge, therefore, had the benefit of that personal touch and contact with the parties and witnesses always considered a valuable aid in measuring their credibility. At the trial under review the plaintiff again testified, and a new witness in his behalf was also sworn, and three witnesses of the defendant were called at plaintiff's instance and cross-examined. These witnesses were all examined concerning the material matters in the case. While the testimony is substantially the same as on the four preceding trials, yet there is a slight re-enforcement of the plaintiff's position upon the last trial by the oral proof presented.

While we have not changed our views as to the merits of this case, still we recognize that the jury must determine in the end the facts involved. We have already gone to the full extent in awarding new trials for the purpose of affording an opportunity to the defendant to resubmit to a new jury its defense, and are satisfied no other result is probable than the one so uniformly adhered to, and have decided, therefore, that it is our duty to sustain the judgment.

We are urged by the learned counsel for the appellant to reverse the judgment and order, and direct judgment for the defendant. This court has no power to take from the jury the determination of the questions of fact involved in this case. Lopez v. Campbell, 163 N. Y. 340, 57 N. E. 501; In re Chapman, 162 N. Y. 456, 459, 56 N. E. 994; Benedict v. Arnoux, 154 N. Y. 715, 49 N. E. 326; Bagley v. Bowe, 105 N. Y. 171, 11 N. E. 386, 59 Am. Rep. 488. In discussing this question in Benedict v. Arnoux, 154 N. Y., at page 724, 49 N. E. 329, the court say:

"It is one of the fundamental principles of our law that questions of fact are to be tried and determined in a court of original jurisdiction, and it is not the appropriate function of an appellate court to determine controverted questions of fact and render final judgment upon such determination. It is only in cases where the facts are conceded or undisputed, or are established by official record or found by the trial court, that such a court is justified in awarding final judgment."

The judgment and order should be affirmed, with costs.

Order granting extra allowance reversed, and motion denied. Judgment and order affirmed, with costs.

WILLIAMS, HISCOCK, and NASH, JJ., concur, and ADAMS, P. J., concurs in a separate opinion.

ADAMS, P. J. (concurring). Since this case was last before this court, the Appellate Division of the First Department has held, in a case strikingly like the present one in the various vicissitudes through which it had passed, that, inasmuch as the issues of fact in that case were such as must ultimately be decided by a jury, and as former juries, selected at different times, had determined such issues in favor of the plaintiff, the Appellate Division would no longer be justified in

setting aside a verdict as against the weight of evidence, especially where it appeared, as it does here, that one or more of its former adjudications was by a divided court. McCann v. N. Y. & Q. C. R. Co., 73 App. Div. 305, 76 N. Y. Supp. 684.

In a former opinion (66 App. Div. 336, 73 N. Y. Supp. 38) this court ventured to assert that, while it must necessarily assume all responsibility for the views therein expressed, a proper regard for its authority required that such views should be respected by the trial court. This suggestion, however, the trial court has not seen fit to heed, and in support of the course adopted at the last trial it is urged that the evidence upon that trial was more favorable to the plaintiff than upon any of the former trials. That this contention has some support is doubtless true, and while, to our mind, the plaintiff's right to a recovery is still shrouded in very grave doubt, we are not unmindful of the fact that the jury and trial court had the advantage of seeing and hearing such of the witnesses as were examined in open court, and that, consequently, they were perhaps better qualified to place a correct valuation upon their testimony than is a court of review. In view, therefore, of this circumstance, as well as in deference to the decision above referred to, I have concluded to yield my individual views, and vote for affirmance of the judgment and order appealed from.