## STERNAMAN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. WITNESSES—CREDIBILITY—QUESTION FOR JURY.
    The credibility of witnesses, although one of them is a party interested in the recovery, and the other wholly disinterested, is for the jury.

2. APPEAL—REVERSAL—QUESTIONS OF FACT.
    An appellate court should not reverse a judgment, and order a new trial on questions of fact, unless there is a reasonable probability that the result would be changed by such new trial.

3. INSURANCE—ACTIONS ON LIFE POLICY—QUESTIONS FOR JURY.
    In an action on a life insurance policy, on the issue of false warranty, where witnesses stated the facts as to spells with which insured was inflicted prior to the issuing of the policy, it was for the jury, and not for the court, to determine whether there was loss of consciousness in such spells, contrary to statements in the application.

Appeal from Trial Term, Erie County.

Action by Olive A. Sternaman ·against the Metropolitan Life In-· surance Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Seward A. Simons, for appellant.
Duckwitz, Thayer & Jackson, for respondent.

WILLIAMS, J.    The judgment and order should be affirmed, with costs.

The action was brought to recover the amount of a policy of insurance issued by the defendant upon the life of plaintiff's husband, in which the plaintiff was named as beneficiary.    The defense was breach of warranty in the application for the insurance by the insured and beneficiary.    The plaintiff on the trial claimed the statements in the application were true, or at least that plaintiff and her husband told the doctor who took the examination the truth, and they were not responsible for his failure to state the truth in the application.    The case has been tried several times, and has been in this court and in the Court of Appeals.    49 App. Div. 473, 63 N. Y. Supp. 674, reversed in 170 N. Y. 13, 63 N. E. 1122.    It was held by the Court of Appeals when the case was there:

"When an applicant for life insurance makes truthful answers to all questions asked by the medical examiner, who fails to record the same as given, and omits an important part, stating that it is unimportant, the beneficiary may show, in an action upon the policy, the answer actually given, in order to defeat a forfeiture claimed by the insurer on account of the falsity of the answers as recorded, even if it was agreed in the application that the medical examiner, employed and paid by the insurer only, should not be its agent, but solely the agent of the insured, and the latter warranted the truth of the answers as they appeared in the application."

The statements in the application alleged to have been untrue were that the insured never had dizziness, vertigo, loss of consciousness, epilepsy, fits, pneumonia, dyspepsia, or spitting of blood, and that the only illness the insured had had since childhood was la grippe, in 1893 and 1895, and then his medical attendant was Dr. Frost, and that he never had any other medical attendant.    Upon the trial, evidence was given from which the jury must have been satisfied that more or less of the statements in the application were untrue.    The plaintiff sought to avoid the effect of such untrue statements by showing that a full, fair, and truthful disclosure of all the facts relating to matters complained of was made to the examining physician, and that he alone—the agent of the defendant, and not the plaintiff or the insured—was responsible for the failure to put in the application correct answers to the questions asked.    The facts involved in this proposition were left for the determination of the jury.    The law had been settled by the Court of Appeals.    The jury found for the plaintiff, and the principal question on this appeal is whether the verdict of the jury was contrary to the evidence, and should therefore be set aside. The examining physician testified there was no disclosure of the facts, except in the line of the answers set down in the application. The plaintiff testified to the disclosure she claims was made by herself and the insured.    While the physician appears to have been a fair witness, and without interest in the litigation or in the defendant, whose employ he had left at the time of the trial, and while the plaintiff has a deep interest in the litigation, and her evidence was more or less contradictory and suspicious, still the credibility of the two wit-

nesses was necessarily for the jury to determine, and will have to be left to a jury, however many new trials may be ordered upon a reversal on the facts. The court can never take the question from the jury. Williams v. D., L. & W. R. R. Co., 81 App. Div. 444, 80 N. Y. Supp. 945.

We have patiently gone over the evidence, the charge of the court, and the briefs of counsel. The case has been submitted to three juries since the Court of Appeals settled the law of the case. The first jury disagreed; the second found for the plaintiff, and the trial court set aside the verdict; the third found for the plaintiff again, and this verdict is now here for review. The amount involved is not large—$1,000, besides interest and costs—and we do not think we should set aside the verdict as contrary to the evidence. If the question of fact were for our determination, we might arrive at a different conclusion than the jury did; but the jury has the duty of determining the facts, and the jury, and not the court, is to be satisfied of the correctness of the verdict. The court should not reverse and order a new trial unless there is a reasonable probability that the result would be changed by such new trial. The trial we are reviewing was had before a very fair, impartial justice, who submitted the question of fact to the jury in an unobjectionable way.

We think the verdict rendered should not be disturbed upon the facts. Upon the evidence, we think it was for the jury to say whether, in fact, there was loss of consciousness in the spells with which the assured was afflicted prior to the issue of the policy. The witnesses stated the facts as they observed them. Whether the insured became unconscious was an inference to be drawn from the facts stated. Such inference was for the jury, and not for the court.

We think there was no error committed by the court in the reception or rejection of evidence, or in the charge, calling for a reversal of the judgment and order. They should therefore be affirmed, with costs. All concur.